Hon. Victor A. Cocozziello Counsel New York State Racing and Wagering Board
This is in reply to your letter of June 21, 1978, in which you request my opinion concerning an interpretation of the effect of an amendment to General Municipal Law, §, 187 by Chapter 194 of the Laws of 1978 (eff. May 23, 1978).
General Municipal Law, § 187 provides a local option for municipalities to determine whether certain games of chance may be conducted by authorized organizations pursuant to General Municipal Law, Article 9-A. You point out that prior to the enactment of Chapter 194, the law provided that games of chance could be conducted in a village within a town which had authorized games of chance under the authority of the town local law or ordinance. However, a town local law permitting games of chance could not be effective within a village which, by village local law, had prohibited games of chance.
The effect of section 187 prior to its recent amendment was that if a town authorized games of chance and a village within the town had neither authorized nor prohibited games of chance, then the local law of the town would govern and games of chance could be conducted within the village under the licensing authority of the town. (See 1976 Atty. Gen. 258.)
By virtue of Chapter 187 of the Laws of 1978, a local law adopted by a town authorizing games of chance is not operative in a village within the town until the village board of trustees adopts a local law or resolution subject to a permissive referendum authorizing the issuance of licenses by the town for games of chance within such village. Such local law or resolution may be repealed by a local law or resolution which shall also be subject to a permissive referendum. Thus the new law requires affirmative action by a village before games of chance may be conducted in the village whereas previously games of chance could be conducted within a village by virtue of the enactment of a local law by the town alone.
You note that there are many villages in which games of chance are conducted solely by virtue of towns having adopted local laws therefor, and you ask whether such villages must now enact local laws authorizing the games in order for them to continue within the village limits.
The interpretation and application of an amendment to a statute was most recently considered by the New York State Court of Appeals in Beary v.City of Rye (44 N.Y.2d 398 [1978]). The Court stressed the importance of determining the legislative intent by examining the circumstances which gave rise to the legislation.
The legislative memorandum submitted in support of 1978 Assembly Bill 10763 which was enacted as Chapter 194, states that the purpose of the bill is to return to the residents of a village the right to decide whether or not games of chance will be conducted within their municipality. The memorandum makes clear that the objectionable aspect of the prior law, which the amendment overcomes, is that a village will henceforth have the opportunity to determine at the outset whether games of chance shall be conducted in the village rather than being automatically included within the authorization of the town ordinance as was formerly the case.
There is no indication either in the statute or in the legislative memorandum to warrant a finding that the effect of the amendment is to require the enactment of local laws by villages to authorize the conduct of games of chance where such games are already being conducted lawfully under local laws adopted by towns prior to the enactment of Chapter 194. There would also be no logical purpose for finding that Chapter 194 should be applied to those villages where games are already authorized since their opportunity to decide at the outset whether to be included when the town ordinance is adopted has already passed and since the remedy of withdrawal of authorization for the games by way of village local law subject to a permissive referendum is available in any event.
I conclude that General Municipal Law, § 187 as amended by Chapter 194 of the Laws of 1978 does not require a village to enact a local law to authorize the conduct of games of chance where the games of chance were already being conducted lawfully pursuant to a local law of a town duly enacted pursuant to the provisions of General Municipal Law, §187 as in effect prior to May 23, 1978.